MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEJANDRO DE LA PARRA, CORNELIO QUECHOTL VALENCIA and DELFINO SORIANO, *individually and on behalf of others similarly situated,* | **Complaint** |
| | **Collective Action under 29 U.S.C. § 216(b)** |
| *Plaintiffs*, | **ECF Case** |
| -against- | |
| 99 JOHN'S MARKET PLACE, INC. (d/b/a JUBILEE MARKET PLACE), 180 MARKETPLACE, INC. (d/b/a JUBILEE MARKET PLACE), LEO Y. YOO, and GUN SOO YOUN, | |
| *Defendants.* | |

----------------------------------------------------------X

Alejandro De La Parra, Cornelio Quechotl Valencia and Delfino Soriano ("Plaintiffs"),

individually and on behalf of others similarly situated, by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against 99 John's Market

Place, Inc. (d/b/a Jubilee Market Place), 180 Marketplace, Inc. (d/b/a Jubilee Market Place)

("Defendant Corporations"), Leo Y. Yoo, and Gun Soo Youn (collectively, "Defendants"),

allege as follows:

1

## **NATURE OF THE ACTION**

1.      Plaintiffs are former employees of Defendants 99 John's Market Place, Inc. (d/b/a Jubilee Market Place), 180 Marketplace, Inc. (d/b/a Jubilee Market Place), Leo Y. Yoo, and Gun Soo Youn.

2.       Defendants own, operate, and/or control two market places located at 99 John Street, New York, New York 10038 (hereinafter "the John Street location") and at 180 Riverside Boulevard, New York, New York 10023 (hereinafter "the Riverside Boulevard location") under the name Jubilee Market Place.

3.      Plaintiffs were employed by defendants as deli workers.

4.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours they worked each week. Rather, Defendants failed to pay Plaintiffs (and similarly situated employees) appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

5.      Further, Defendants failed to pay Plaintiffs (and similarly situated employees) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

7.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

8.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

9.      Plaintiffs now seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

11.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

12.     Plaintiff Alejandro de la Parra ("Plaintiff de la Parra" or "Mr. de la Parra") is an adult individual residing in Queens County, New York. Plaintiff de la Parra was employed by Defendants at the Riverside Boulevard location from approximately August 2009 until on or about September 2016.

13.     Plaintiff Cornelio Quechotl Valencia ("Plaintiff Quechotl" or "Mr. Quechotl") is an adult individual residing in Queens County, New York. He was employed by Defendants at the John Street location from approximately November 2005 until on or about December 16, 2016.

14.     Plaintiff Delfino Soriano ("Plaintiff Soriano" or "Mr. Soriano") is an adult individual residing in Queens County, New York. He was employed by Defendants at the John Street location from approximately 2008 until on or about April 2014.

*Defendants*

15.     At all times relevant to this Complaint, Defendants own, operate, and/or control two market places located at 99 John Street, New York, New York 10038 and at 180 Riverside Boulevard, New York, New York 10023, under the name Jubilee Market Place.

16.     Upon information and belief, 99 John's Market Place, Inc. ("Defendant Corporation" or "Jubilee Market Place") is a domestic Corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 99 John Street, New York, New York 10038.

17.     Upon information and belief, 180 Marketplace, Inc. ("Defendant Corporation" or "Jubilee Market Place") is a domestic Corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 180 Riverside Boulevard, New York, New York 10023.

18.     Defendant Leo Y. Yoo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leo Y. Yoo is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

19.     Upon information and belief, Defendant Leo Y. Yoo possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

20.     Defendant Leo Y. Yoo determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21.     Defendant Gun Soo Youn is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gun Soo Youn is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

22.     Upon information and belief, Defendant Gun Soo Youn possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

23.     Defendant Gun Soo Youn determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants operate two market places under the name "Jubilee Market Place," located in the Upper West Side and Financial District sections of New York City.

25.    Upon information and belief, individual defendant Leo Y. Yoo possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

26.    Upon information and belief, individual defendant Gun Soo Youn possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.    Upon information and belief, individual Defendants Leo Y. Yoo and Gun Soo Youn operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves by, among other things:

    a.   failing to adhere to the corporate formalities necessary to operate defendant Corporations as  separate and legally distinct entities;

    b.   defectively forming or maintaining defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.   transferring assets and debts freely as between all Defendants;

    d.   operating Defendant Corporations for their own benefit as the sole or majority shareholders;

    e.   operating Defendant Corporations for their own benefit and maintaining control over these corporations as  closed Corporations or closely held controlled entities;

    f.   intermingling assets and debts of their own with Defendant Corporations;

    g.   diminishing and/or transferring assets to protect their own interests; and

    h.   other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

33.    In each year from 2010 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold

daily at both Jubilee Market Places, such as bread, meats, and cheeses, were produced outside the State of New York.

*Plaintiffs*

35.     Plaintiffs are former employees of Defendants, who were employed as deli workers.

36.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alejandro de la Parra*

37.     Plaintiff de la Parra was employed by Defendants from approximately August 2009 until on or about September 2016.

38.     Throughout his employment with defendants, Plaintiff de la Parra was employed at the Riverside Boulevard location as a deli worker.

39.     Plaintiff de la Parra regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

40.     Plaintiff de la Parra's work duties required neither discretion nor independent judgment.

41.     Plaintiff de la Parra regularly worked in excess of 40 hours per week.

42.     From approximately February 2011 until on or about April 2013, Plaintiff de la Parra worked from approximately 7:00 a.m. until on or about 4:30 p.m. Mondays through Saturdays (typically 56 hours per week).

43.     From approximately April 2013 until on or about July 2015, Plaintiff de la Parra worked from approximately 6:30 a.m. until on or about 4:00 p.m. three days a week and from

approximately 6:30 a.m. until on or about 6:30 p.m. to 7:00 p.m. three days a week (typically 64.5 to 66 hours per week).

44.     From approximately July 2015 until on or about September 2016, Plaintiff de la Parra worked from approximately 6:30 a.m. until on or about 3:30 p.m. Mondays through Saturdays (typically 54 hours per week).

45.     Throughout his employment with defendants, Plaintiff de la Parra was paid his wages in cash.

46.     From approximately February 2011 until on or about May 2013, Defendants paid Plaintiff de la Parra $9.00 per hour.

47.     From approximately May 2013 until on or about October 2014, defendants paid Plaintiff de la Parra $10.00 per hour.

48.     From approximately October 2014 until on or about July 2015, Defendants paid Plaintiff de la Parra $10.50 per hour.

49.     From approximately July 2015 until on or about September 2016, Defendants paid Plaintiff de la Parra $11.00 per hour.

50.     Plaintiff de la Parra's wages did not vary regardless of how many additional hours he worked in a week.

51.     In fact, from approximately January 2011 until on or about April 2013, defendants required Mr. de la Parra to work 30 minutes past his scheduled departure time every day, and did not pay him for the additional time they required him to work.

52.     Similarly, from approximately May 2013 until on or about July 2015, defendants required Plaintiff de la Parra to work three to three and one half hours past his scheduled

departure time three days a week, and did not compensate him for the additional time they required him to work.

53.    No notification, either in the form of posted notices or other means, was given to Plaintiff de la Parra regarding overtime and wages under the FLSA and NYLL.

54.    Defendants never provided Plaintiff de la Parra with each payment of wages a statement of wages, as required by NYLL 195(3).

55.    Instead, every week defendants required Plaintiff de la Parra to sign a document which falsely stated that they had paid him properly for all hours worked in order to get his weekly pay.

56.    Defendants never provided Plaintiff de la Parra, any notice in English and in Spanish (Plaintiff de la Parra's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Cornelio Quechotl Valencia*

57.    Plaintiff Quechotl was employed by Defendants from approximately November 2005 until on or about December 16, 2016.

58.    Plaintiff Quechotl was employed as a deli worker at the John Street location.

59.    Plaintiff Quechotl regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

60.    Plaintiff Quechotl's work duties required neither discretion nor independent judgment.

61.    Plaintiff Quechotl regularly worked in excess of 40 hours per week.

62.    From approximately February 2011 until on or about December 16, 2016, Plaintiff Quechotl worked from approximately 6:00 a.m. until on or about 5:00 p.m. Mondays

through Fridays and from approximately 7:00 a.m. until on or about 7:00 p.m. on Sundays

(typically 67 hours per week).

63.    Throughout his entire employment, defendants paid Plaintiff Quechotl his wages

in cash.

64.    From approximately February 2011 until on or about January 2014, defendants

paid Plaintiff Quechotl a fixed salary of $600 per week.

65.    From approximately January 2014 until on or about April 2014, defendants paid

Plaintiff Quechotl a fixed salary of $735 per week.

66.    No notification, either in the form of posted notices or other means, was given to

Plaintiff Quechotl regarding overtime and wages under the FLSA and NYLL.

67.    Defendants never provided Plaintiff Quechotl with each payment of wages a

statement of wages, as required by NYLL 195(3).

68.    Instead, every week defendants required Plaintiff Quechotl to sign a document

which falsely stated that they had paid him properly for all hours worked in order to get his

weekly pay.

69.    Defendants never provided Plaintiff Quechotl, any notice in English and in

Spanish (Plaintiff Quechotl's primary language), of his rate of pay, employer's regular pay day,

and such other information as required by NYLL §195(1).

*Plaintiff Delfino Soriano*

70.    Plaintiff Soriano was employed by Defendants from approximately 2008 until on

or about April 2014.

71.    Plaintiff Soriano was employed as a deli worker at the John Street location.

72.     Plaintiff Soriano regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

73.     Plaintiff Soriano's work duties required neither discretion nor independent judgment.

74.     Plaintiff Soriano regularly worked in excess of 40 hours per week.

75.     From approximately February 2011 until on or about November 2012, Plaintiff Soriano worked from approximately 7:00 a.m. until on or about 7:30 p.m. Mondays through Saturdays (typically 75 hours per week).

76.     From approximately November 2012 until on or about April 2013, Plaintiff Soriano worked from approximately 7:00 a.m. until on or about 7:30 p.m. seven days a week (typically 87.5 hours per week).

77.     From approximately April 2013 until on or about April 2014, Plaintiff Soriano worked from approximately 7:00 a.m. until on or about 7:30 p.m. Mondays through Saturdays (typically 75 hours per week).

78.     Throughout his entire employment, defendants paid Plaintiff Soriano his wages in cash.

79.     From approximately February 2011 until on or about April 2014, defendants paid Plaintiff Soriano a fixed salary of $680 per week.

80.     Plaintiff Soriano's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

81.     In fact, defendants required Plaintiff Soriano to continue working 30 minutes past his regular departure time every day, and did not pay him for the additional time worked.

82.     No notification, either in the form of posted notices or other means, was given to Plaintiff Soriano regarding overtime and wages under the FLSA and NYLL.

83.     Defendants never provided Plaintiff Soriano with each payment of wages a statement of wages, as required by NYLL 195(3).

84.     Instead, every week defendants required Plaintiff Soriano to sign a document which falsely stated that they had paid him properly for all hours worked in order to get his weekly pay.

85.     Defendants never provided Plaintiff Soriano, any notice in English and in Spanish (Plaintiff Soriano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

86.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them appropriate overtime and spread of hours compensation, as required by federal and state laws.

87.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

88.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

89.     Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

90.     Defendants habitually required Plaintiffs de la Parra and Soriano to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

91.     Every week defendants required Plaintiffs to sign a document falsely stating that they had been paid properly under the law in order to get paid.

92.     Plaintiffs were paid their wages in cash.

93.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

94.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

95.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

96.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

97.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

98.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

99.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

100.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

101.    Plaintiffs bring their FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

102.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

103.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

104.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

105.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

107.    Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

111.    Defendants failed to pay Plaintiffs (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

112.    Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

113.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    Defendants failed to pay Plaintiffs (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

116.    Defendants' failure to pay Plaintiffs (and the FLSA class members) an additional hour's pay for each day Plaintiffs' (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

117.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)**

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

120.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**(Violation of the Wage Statement Provisions of the New York Labor Law)**

121.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

122.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

123.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(e)    Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA class members liquidated damages in an

amount equal to 100% of their damages for the amount of unpaid overtime wages and damages

for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(h)    Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(i)    Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any

deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the New York Labor Law and Spread of

Hours Wage Order were willful as to Plaintiffs and the FLSA class members;

(k)    Awarding Plaintiffs and the FLSA class members damages for the amount of

unpaid overtime wages, damages for any improper deductions or credits taken against wages, as

well as awarding spread of hours pay under the NYLL as applicable;

(l)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiffs and the FLSA class members liquidated damages in an

amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and

overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)    Awarding Plaintiffs and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(o)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 2, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace, Esq.
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 30, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Delfino Soriano

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    30 de enero de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 22, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Alejandro De La Parra

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      Alejandro de la Parra

Date / Fecha:                           22 de diciembre de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 21, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Cornelio Quechotl Valencia

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           21 de diciembre de 2016