# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620
_____

May 11, 2018

**VIA ECF**
Honorable Katharine H. Parker
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  **Re:** <u>De La Parra et al v. 99 John's Market Place Inc. et al.</u>,
     17-cv-797 (JPO)

Your Honor:

  This office represents all of the Plaintiffs in the above-referenced matter. We write, with Defendants' counsel's consent, to respectfully request that the Court approve the parties' settlement of the above-referenced matter as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act.

  The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discovery and settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, which was reached after extensive settlement discussions by the parties, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

  The parties represent to the Court that while Plaintiffs believes that the settlement amount is less than what the Plaintiff would be entitled to if they prevailed on all of their claims at trial, the settlement is fair, as discussed herein.

## Background

  Plaintiff were deli workers who worked at the Defendant's delicatessens at two locations in Manhattan. The Plaintiffs allege they were paid a fixed salary while simultaneously working well over 40 hours on a weekly basis in violation of the Hospitality Wage Order. The Defendant contended that the Plaintiffs worked less hours then alleged and were paid at an hourly rate that included overtime, spread of hours and lawful deductions, *inter alia*.

  Under the Plaintiffs' initial allegation, the back wages were approximately $577,832.81 in unpaid overtime before adding liquidated damages, statutory violations, spread of hours and prejudgment interest.

  Defendants produced records for all of the claimants which were rather comprehensive including weekly pay logs and time cards which covered a significant portion of the Plaintiffs' employment periods and challenged the fixed character of Plaintiffs' pay.

*Certified as a minority-owned business in the State of New York*

Hon. Katharine Parker
May 11th, 2017
Page 2 of 5

Notwithstanding the foregoing, the parties have weighed the risks of trial, and after already having expended considerable time and resources producing responsive documents in this matter and conducting depositions, the parties instead agreed to settle the matter for an amount that is fair and reasonable before the use of additional extensive resources on both sides at trial and the extraordinary risk of trial.

After considerable negotiations, including a settlement conference before Your Honor herself, the parties reached an agreement to settle this action.

## Settlement

The parties have agreed to settle this action for the total sum of $300,000.00 which will be paid as outlined in **Exhibit A** attached to the Settlement Agreement.  The Plaintiff estimated that in light of the comprehensive records produced by the Defendants and the anticipated testimony of the parties, that should this case proceed to trial, Plaintiffs ran the legitimate risk of collecting much less than, if not none, of the purported damages based upon their initial allegations. Defendants contend that Plaintiffs would be entitled to no damages at all given the documentation presented here.

Two Hundred Thousand Dollars ($200,000.00) of the settlement amount will be paid to the Plaintiffs, distributed pro rata between the Plaintiffs according to their alleged damages.  This represents approximately 33% of the alleged unpaid minimum wages directly to the Plaintiffs.

The remaining third of the settlement - One Hundred Thousand ($100,000.00) - will be applied as attorneys' fees and costs, subject to the court's review and approval.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)).  "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).  Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs.  Plaintiff have been represented by experienced counsel throughout this lawsuit and have made an informed decision to settle the action at this stage of litigation without the substantial risk of a contrary finding of fact at trial.

Hon. Katharine Parker
May 11th, 2017
Page 3 of 5

The $200,000.00 that Planitiffs will be receiving accounts for a significant amount of the alleged unpaid wages that they might have recovered had they been entirely successful at trial. This recovery is also well over what Plaintiffs would recover if Defendants were to successfully utilize their documentation to prove that Defendants paid Plaintiffs in accordance with the law.

Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsels, reached after months of negotiation, a settlement conference with a Magistrate Judge, and the production of responsive records in Defendants' possession.

## Plaintiff's Attorneys' Fees Are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $100,000.00 from the settlement fund as attorneys' fees and costs, subject to review and approval of the court. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm. Therefore, Plaintiff has already agreed to a fee that is higher than is provided for in the settlement.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Colin Mulholland is an associate with Michael Faillace & Associates since May of 2017. He has been practicing law since February of 2013. At his first firm, Heriberto

A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. He bills at a rate of $350 per hour.

It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement amount. While the amount of the settlement that is going to attorneys' fees is more than the lodestar amount, " 'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)). The percentage method provides a powerful incentive to attorneys for plaintiffs in contingency fee FLSA cases to obtain the highest possible settlement amount for their clients and to avoid unnecessary litigation in an effort to build up a lodestar. *See* Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).

Here, Plaintiffs were able to obtain a satisfactory outcome against experienced defense counsel with substantial records. In addition, the costs and fees requested are in accordance with the Plaintiffs' engagement agreements with counsel, which provided that counsel would receive their reasonable attorney's fees and be reimbursed for costs incurred. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

## **Conclusion**

In full consideration of the issues presented in *Cheeks,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Agreement is submitted herewith.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Colin Mulholland, Esq.
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc:    Defendants' Counsel (via ECF)